Judge Robertson
delivered the opinion of the court.
This suit was brought on a note executed by the plaintiff in error, to the bank of Kentcky, *141 conformably to the act of 1820, I. Dig. 152. The plaintiffs in error, pleaded that the note was given for its nominal amount, loaned by the bank to the principal obligor, in notes of the bank of the commonwealth, which were, at the time of the loan, greatly depreciated; and that the principal had paid to the bank, an amount equal to their specie value. A demurrer to this plea, was sustained, and the only question which we are called on to decide is, whether the plea contained matter sufficient to bar the action.
The obligor, in a note given to the ♦ bank of Kentucky, for its nominal ain’t in depreciated commonwealth’s bank paper, cannot obtain relief at law, because, by the act of 1820, extending the charter of the bank of Kentucky, thc_ consideration of a note giv- * cannot t>e impeached
Between private individuals, it would certainly be usurious to exact the nominal amount in specie, and interest, for a loan of depriciated paper. The value of the paper, at the date of the loan, and six per. cent interest upon that value, is the utmost which the law will force a borrower to pay in specie, to an indi-vid ual lender.
The bank has no patent right to practice usury, It is under a clear moral obligation to receive the equivalent of its loans, and to forbear from the exaction of more; and unless it is protected from the operation of the law, which regulates the rights and duties of individuals, it cannot be suffered to coerce the payment of the nominal amount in specie, for loans of its own depreciated paper, or of that of the bank of the Commonwealth.
The 12th section of the act of 1820, extending the charter of the Kentucky bank, I. Dig. 152, contains thefollowingprovision: “The consideration of which note, (refering to one of which the form was prescribed in the same section) when discounted by the bank or its branches, shall not, by the said drawers, or either of them, be questioned in any suit, brought upon the same, to coerce the payment thereof, from the whole or either of the obligors, in said note.
This is strong and comprehensive language. Its literal construction will discountenance the plea filed in this case; and we are inclined to the opinion, that the policy and object of this enactment, are equally opposed to any impeachment, at law, of the consideration of a note discounted by the bank of Kentucky, The relief system, had then commenced its career. The bank of Kentucky with the direct *142 sanction of tfie legislature, or at least, with its tacit approbation, had suspended the payment of specie its notes. The act for establishing the bank of the commonwealth passed, on the 29th of November 1820. The act, containing the provision which has been quoted, passed on the 26th day of December 1820. These cronological coincidences, render it probable that the legislature, intended to encourage the loan and circulation, of the paper of the two banks; and in regard to loans, to place both banks on the same footing, in a court of law.
Denny, for plaintiffs; Crittenden, ion defendants.
We can not, therefore, resist the conclusion that, in a suit at law on a note executed by the bank of Kentucky, for a loan of depreciated bank paper, the consideration cannot be impeached or called info question: and consequently, that the court did not err in sustaining the demurrer in this case.
Whether, in any such case,, there might be relief in equity, is a different question. We mean to express no opinion now on that subject, because ifc would be extra-judicial.
Judgment confirmed.